Case Number: PC-2018-4718
Filed in Providence/Bristol County Superior Court
Submitted: 7/2/2018 10:59 AM
Envelope: 1610793
Reviewer: Lynn G.

Case 1:18-cv-00548-JJM-PAS   Document 1-1   Filed 10/03/18   Page 1 of 12 PageID #: 4

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PROVIDENCE, SC.                                          SUPERIOR COURT

MATTHEW MCCARTHY,
   *Plaintiff*

v.                                                       C.A. No.:

T-MOBILE US, INC., (alias MetroPCS);
CITY OF PROVIDENCE, by and through
its Treasurer James J. Lombardi, III in his
official capacity; and, JOHN DOE
CORPORATION, alias,
   *Defendants*

## COMPLAINT

NOW COMES the Plaintiff Matthew McCarthy ("Mr. McCarthy or Plaintiff") and brings this action against T-Mobile US, Inc. (alias Metro PCS) ("T-Mobile" or "MetroPCS") and the City of Providence ("City") (collectively, "Defendants") to remedy and seek relief for Defendants' actions relating to unlawful discrimination on the basis of disability, in violation of the Federal laws and the laws of the State of Rhode Island.

## PARTIES

1. Matthew McCarthy is a citizen of the State of Rhode Island, residing in Cranston, Rhode Island.

2. T-Mobile (alias: MetroPCS), is a foreign corporation, organized under the laws of the State of Delaware, with its principal place of business located in Bellevue, Washington, and authorized to conduct business in the State of Rhode Island at 55 Dorrance Street in Providence, Rhode Island.

1

Case Number: PC-2018-4718
Filed in Providence/Bristol County Superior Court
Submitted: 7/2/2018 10:57 AM
Envelope: 1610793
Reviewer: Lynn G.

Case 1:18-cv-00548-JJM-PAS   Document 1-1   Filed 10/03/18   Page 2 of 12 PageID #: 5

3. City of Providence is a duly chartered municipality and political subdivision of the State of Rhode Island, and is sued by and through its Treasurer, James J. Lombardi, III, the official designated by state law to be named in a suit for relief against the City.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's claims pursuant to R.I. Gen. Laws § 8-2-14, as the amount in controversy exceeds $5,000.00.

5. Venue is proper in accordance with R.I. Gen. Laws § 9-4-3.

## ADMINISTRATIVE PROCEDURES

6. Pursuant to R.I. Gen. Laws § 45-15-5, at least forty (40) days prior to commencing this suit Plaintiff has presented to the Council for the City notice of Plaintiff's claims against the City, including Plaintiff's factual account of the events with the Rhode Island Commission of Human Rights; notice of the basis for the City's liability and all damages incurred by Plaintiff as a result of the City's acts and omissions were noticed.

7. Plaintiff filed a charge of discrimination (RICHR #17 RPD 178-06/06) against Defendants with the Rhode Island Commission for Human Rights ("Commission") on or about December 15, 2017.

8. After investigating Plaintiff's charge of discrimination, the Commission issued a probable cause finding in favor of Plaintiff on or about March 18, 2018, declaring that the Commission had probable cause to believe that Defendants had violated several state civil rights laws concerning disabled persons.

9. The Commission issued Plaintiff a Notice of Right to Sue on or about April 9, 2018 in accordance with R.I. Gen. Laws § 28-5-24.1(c).

Case Number: PC-2018-4718
Filed in Providence/Bristol County Superior Court
Submitted: 7/2/2018 10:39 AM
Envelope: 1610793
Reviewer: Lynn G.

Case 1:18-cv-00548-JJM-PAS   Document 1-1   Filed 10/03/18   Page 3 of 12 PageID #: 6

## FACTUAL ALLEGATIONS

10. Mr. McCarthy suffers from optic nerve damage and is fully blind in his left eye, as well as equilibrium issues due to his blindness.

11. Mr. McCarthy's partial blindness makes it extremely difficult and dangerous for him to navigate and traverse areas without assistance; his equilibrium issues further compound his visual impairments by affecting his balance.

12. Accordingly, Mr. McCarthy requires the aid of a service dog to help him walk around.

13. Mr. McCarthy's service dog is an American Staffordshire Terrier named BayBay.

14. The tasks performed by BayBay are directly related to Mr. McCarthy's disability.

15. In particular, BayBay aids Mr. McCarthy by performing tasks such as navigating paths, sidewalks, ascending or descending stairs and inclines, and avoiding obstacles.

16. BayBay is also trained to help Mr. McCarthy get up in the event Mr. McCarthy falls.

17. On or about June 8, 2016, Mr. McCarthy traveled to MetroPCS, located at 55 Dorrance Street, Providence, RI, to resolve an issue with his cell phone.

18. After explaining his cell phone issue to a MetroPCS employee, Mr. McCarthy sat down with BayBay and waited for the employee to complete the transaction.

19. Mr. McCarthy maintained control of BayBay at all times relevant throughout the transaction.

20. Before the employee completed the transaction, another customer walked into the store and appeared to be startled by BayBay; the customer exclaimed "Oh, a pit bull!" upon seeing BayBay.

21. Notably, BayBay did nothing in particular to startle the customer, such as assume an aggressive posture or threatening stance; the customer was presumably just startled to see BayBay in the store.

Case Number: PC-2018-4718
Filed in Providence/Bristol County Superior Court
Submitted: 7/2/2018 10:31 AM
Envelope: 1610793
Reviewer: Lynn G.

Case 1:18-cv-00548-JJM-PAS   Document 1-1   Filed 10/03/18   Page 4 of 12 PageID #: 7

22. Prior to this customer entering the store, no other customer or employee had commented on BayBay being in the store with Mr. McCarthy.

23. Following the customer's comment, however, the store manager Eddie Contreras ("Mr. Contreras"), walked over to Mr. McCarthy, who was patiently waiting for his transaction to be completed and told Mr. McCarthy that he needed to leave the store because BayBay was scaring people.

24. Mr. McCarthy informed Mr. Contreras that BayBay was a service dog and she was permitted by law to accompany him into the store.

25. Mr. Contreras disregarded the fact that BayBay was a service dog and claimed that some customers might be allergic to dogs and therefore Mr. McCarthy needed to leave.

26. When Mr. McCarthy responded that he was in the middle of a transaction, Mr. Contreras insisted that Mr. McCarthy had to wait outside the store and an employee would bring Mr. McCarthy his cell phone once the transaction had been completed.

27. Mr. McCarthy reiterated to Mr. Contreras that BayBay was a service dog and she performed essential tasks for him and Mr. Contreras could not exclude Mr. McCarthy or BayBay from the store simply because another customer felt uncomfortable about BayBay being in the store.

28. Mr. McCarthy also told Mr. Contreras that forcing Mr. McCarthy and BayBay to leave the store and wait outside was a violation of Mr. McCarthy's civil rights as a disabled person, since MetroPCS, a retail store, is a place of public accommodation.

29. In response to Mr. McCarthy asserting his civil rights and refusing to leave the store, Mr. Contreras contacted Providence Police and requested that an officer be sent to remove Mr. McCarthy from the store.

Case Number: PC-2018-4718
Filed in Providence/Bristol County Superior Court
Submitted: 7/2/2018 10:51 AM
Envelope: 1610793
Reviewer: Lynn G.

Case 1:18-cv-00548-JJM-PAS   Document 1-1   Filed 10/03/18   Page 5 of 12 PageID #: 8

30. A Providence Police Officer, Gary Slater (Badge #365) ("Officer Slater") arrived at the store and told Mr. Contreras, "I deal with this guy [Mr. McCarthy] all the time. That's not a service animal, he doesn't have the paperwork."

31. Despite Mr. McCarthy's protests to the contrary, Officer Slater continued to persuade Mr. Contreras that BayBay was not a service dog and told Mr. McCarthy to leave the store or he would be arrested.

32. Left with no other choice, Mr. McCarthy left the store with BayBay and Officer Slater issued a no trespass order against Mr. McCarthy on behalf of MetroPCS.

33. In addition to the violation of Mr. McCarthy's civil rights as a disabled person, Mr. McCarthy was unable to complete the transaction and was prohibited from finishing the pending transaction at any other MetroPCS location.

34. Mr. McCarthy filed a charge of discrimination with the Commission on or about December 15, 2017 as a result of the incident and the continued enforcement of the no trespass order.

35. After an investigation, the Commission found probable cause to believe that Defendants had discriminated and continued to discriminate against Mr. McCarthy by refusing to provide him reasonable accommodation and banning him from entering the store because of his disability, which requires the assistance of a service dog.

36. The Commission issued Plaintiff a Notice of Right to Sue on or about April 9, 2018 in accordance with R.I. Gen. Laws § 28-5-24.1(c).

37. MetroPCS and Providence Police continue to enforce the no trespass order against Mr. McCarthy and his service dog BayBay.

Case Number: PC-2018-4718
Filed in Providence/Bristol County Superior Court
Submitted: 7/2/2018 10:59 AM
Envelope: 1610793
Reviewer: Lynn G.

Case 1:18-cv-00548-JJM-PAS   Document 1-1   Filed 10/03/18   Page 6 of 12 PageID #: 9

38. As a direct and proximate result of Defendants' unlawful and discriminatory actions, Plaintiff has suffered and will continue to suffer immediate and irreparable harm, for which there is no adequate remedy at law.

39. As a direct and proximate result of Defendants' unlawful and discriminatory actions, Plaintiff has suffered and will continue to suffer emotional distress and mental anguish resulting in physical injury, loss of standing in the community, humiliation, and other damages. All damages continue to date.

## COUNT I – DECLARATORY RELIEF

40. Plaintiff hereby incorporates by reference all foregoing paragraphs as if fully set forth herein.

41. An individual has a "disability" under federal and state law if the person has "a physical or mental impairment that substantially limits one or more major life activities" and has "a record of such an impairment" or is "regarded as having such an impairment. 42 U.S.C. § 12102(1); R.I. Gen. Laws § 42-87-1(1).

42. Mr. McCarthy's partial blindness substantially limits at least one major life activity, such as seeing, walking, and reading.

43. Mr. McCarthy's partial blindness has been documented by a physician.

44. Mr. McCarthy has otherwise been regarded as being partially blind and/or visually impaired.

45. Thus, Mr. McCarthy is a disabled individual under the ADA and Rhode Island law.

46. Because Mr. McCarthy is disabled individual, he is therefore entitled to the rights and protections of federal and state law that provide for the reasonable accommodation of disabled persons and prohibit discrimination on the basis of disability.

47. An animal is a "service animal" under federal and state law if the animal is "individually trained to do work or perform work for the benefit of an individual with a disability, including a physical,

6

Case Number: PC-2018-4718
Filed in Providence/Bristol County Superior Court
Submitted: 7/2/2019 9:46:51 AM
Envelope: 1610793
Reviewer: Lynn G.

Case 1:18-cv-00548-JJM-PAS   Document 1-1   Filed 10/03/18   Page 7 of 12 PageID #: 10

sensory, psychiatric, intellectual, or other mental disability" and "examples of work or tasks include … assisting individuals who are blind or have low vision with navigation and other tasks…." 28 C.F.R. § 35.104.

48. Mr. McCarthy's partial blindness and/or visual impairment necessitates the assistance of a service dog.

49. Mr. McCarthy's service dog, BayBay is individually trained to perform specific tasks for Mr. McCarthy, such as assisting Mr. McCarthy navigate the area around him since his vision is extremely impaired, as well as helping Mr. McCarthy to his feet in the event he falls due to his equilibrium issues.

50. Mr. McCarthy employs the use of a lead[1] to both serve as a tether and also to serve as a guide, so Mr. McCarthy can sense where to walk and when obstacles are present.

51. Mr. McCarthy maintains control over BayBay through the lead as well as through audible commands.

52. BayBay is housebroken.

53. Thus, BayBay is a service animal under the ADA and Rhode Island law.

54. Because BayBay is a service animal, Mr. McCarthy is entitled to have BayBay accompany him in virtually all public places.

55. Wherefore, Plaintiff prays that this Court grant relief as hereinafter set forth.

## COUNT II – INJUNCTIVE RELIEF

56. Plaintiff hereby incorporates by reference all foregoing paragraphs as if fully set forth herein.

57. Mr. McCarthy has a reasonable likelihood of success on the merits in this action, as the Commission has already found there exists probable cause to believe that Defendants violated

---

[1] A lead is synonymous with a leash or tether but are generally shorter and formed of a single length of stiff rope or leather that uses a sliding knot or ring to stay affixed around the neck of the dog.

7

Case Number: PC-2018-4718
Filed in Providence/Bristol County Superior Court
Submitted: 7/2/2019 10:51 AM
Envelope: 1610793
Reviewer: Lynn G.

Case 1:18-cv-00548-JJM-PAS   Document 1-1   Filed 10/03/18   Page 8 of 12 PageID #: 11

Mr. McCarthy's civil rights as a disabled person and discriminated against him based on his disability.

58. Mr. McCarthy has suffered immediate and irreparable harm as a consequence of the filing and enforcement of the no trespass order by MetroPCS and the City against Mr. McCarthy.

59. Mr. McCarthy has no adequate remedy at law other than injunctive relief to remove the no trespass order.

60. The balancing of equities requires that the requested relief be granted, and that Defendants be enjoined from enforcing the no trespass order against Mr. McCarthy.

61. Plaintiff is otherwise entitled to mandatory injunctive relief.

62. Wherefore, Plaintiff prays that this Court grant relief as hereinafter set forth.

### COUNT III – DISABILITY DISCRIMINATION
### (DEFENDANT T-MOBILE)

Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.*
Equal Rights of Blind Persons to Public Facilities Act, R.I. Gen. Laws §§ 40-9.1-1, *et seq.*;
Civil Rights of People with Disabilities Act, R.I. Gen. Laws §§ 42-87-1, *et seq.*;
Hotels and Public Places Act, R.I. Gen. Laws §§ 11-24-1, *et seq.*;
Rhode Island Civil Rights Act, R.I. Gen. Laws §§ 42-112-1, *et seq.*

63. Plaintiff hereby incorporates by reference all foregoing paragraphs as if fully set forth herein.

64. Defendant T-Mobile is a private entity and place of public accommodation and thereby subject to the provisions of Title III of the ADA as well as Rhode Island disability laws.

65. Defendant T-Mobile is responsible for the acts and omissions of its employees, committed in violation of the ADA and Rhode Island law, under the doctrine of *respondeat superior*.

66. At all times relevant, Mr. McCarthy took effective action to control his service dog and his service dog remained under his control.

8

Case Number: PC-2018-4718
Filed in Providence/Bristol County Superior Court
Submitted: 7/2/2019 9:59 AM
Envelope: 1610793
Reviewer: Lynn G.

Case 1:18-cv-00548-JJM-PAS   Document 1-1   Filed 10/03/18   Page 9 of 12 PageID #: 12

67. Defendant T-Mobile knew or should have known that Mr. McCarthy was disabled because Mr. McCarthy stated to Mr. Contreras and several other MetroPCS employees in earshot that BayBay was Mr. McCarthy's service dog.

68. Despite knowing that Mr. McCarthy was disabled and that BayBay was Mr. McCarthy's service animal, Mr. Contreras disregarded Mr. McCarthy's statements and told Mr. McCarthy to leave the store.

69. At no point while inside the store did Mr. McCarthy pose a direct threat to the health and safety of others.

70. Mr. Contreras never gave Mr. McCarthy the opportunity to remain in the store without his service animal, before excluding Mr. McCarthy.

71. Mr. McCarthy remained in the store in defense of his civil rights.

72. Mr. Contreras contacted the Providence Police to have Mr. McCarthy removed from the store.

73. On behalf of Defendant T-Mobile, and at the suggestion of Officer Slater, Mr. Contreras filed a no trespass order with the Providence Police, banning Mr. McCarthy from returning to the store.

74. Thus, MetroPCS, a retail store and place of public accommodation unlawfully denied Mr. McCarthy's right under the ADA and Rhode Island state law to be accompanied by his service animal and discriminated against Mr. McCarthy to accommodate the personal preferences of another customer.

75. Wherefore, Plaintiff prays that this Court grant relief as hereinafter set forth.

### COUNT IV – DISABILITY DISCRIMINATION
(DEFENDANT CITY)
Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.*
Equal Rights of Blind Persons to Public Facilities Act, R.I. Gen. Laws §§ 40-9.1-1, *et seq.*;
Civil Rights of People with Disabilities Act, R.I. Gen. Laws §§ 42-87-1, *et seq.*;
Hotels and Public Places Act, R.I. Gen. Laws §§ 11-24-1, *et seq.*;
Rhode Island Civil Rights Act, R.I. Gen. Laws §§ 42-112-1, *et seq.*

9

Case Number: PC-2018-4718
Filed in Providence/Bristol County Superior Court
Submitted: 7/2/2018 10:31 AM
Envelope: 1610793
Reviewer: Lynn G.

Case 1:18-cv-00548-JJM-PAS   Document 1-1   Filed 10/03/18   Page 10 of 12 PageID #: 13

76. Plaintiff hereby incorporates by reference all foregoing paragraphs as if fully set forth herein.

77. Defendant City is a public entity and place of public accommodation and thereby subject to the provisions of Title II of the ADA as well as Rhode Island disability laws.

78. Defendant City is responsible for the acts and omissions of its employees, committed in violation of the ADA and Rhode Island law, under the doctrine of *respondeat superior*.

79. The City plainly discriminated against Mr. McCarthy when Providence Police removed him from the MetroPCS store.

80. Under the ADA and R.I. Gen. Laws § 40-9.1-3 ("It is unlawful for any person … to *intimidate*, *threaten*, or *coerce*, or attempt to threaten, intimidate *or coerce another person* to interfere with any right or privilege secured by" the ADA or Rhode Island public accommodation laws) (emphasis added).

81. In direct contrast to the ADA, which requires both public and private entities and to accommodate disabled persons, Officer Slater actively *coerced* Mr. Contreras to further deny Mr. McCarthy an accommodation under the ADA, despite Officer Slater *knowing* that Mr. McCarthy is visually disabled from dealing with him in the past, and *threatening* to arrest Mr. McCarthy if he did not leave the store.

82. It is also unlawful under the ADA to "require documentation, such as proof that the animal has been certified, trained, or licensed as a service animal." 28 C.F.R. § 35.136(f).

83. In his attempt to coerce Mr. Contreras into filing a no trespass order against Mr. McCarthy, Officer Slater also knowingly or negligently *misrepresented* to Mr. Contreras that service dogs are required to have "paperwork" and stated to Mr. Contreras that "I deal with this guy [Mr. McCarthy] all the time. That's not a service animal, he doesn't have the paperwork."

84. Baybay is a service animal under the law.

Case Number: PC-2018-4718
Filed in Providence/Bristol County Superior Court
Submitted: 7/2/2018 10:03 AM
Envelope: 1610793
Reviewer: Lynn G.

Case 1:18-cv-00548-JJM-PAS   Document 1-1   Filed 10/03/18   Page 11 of 12 PageID #: 14

85. Neither Officer Slater nor Mr. Contreras have the right under the law to request paperwork about Baybay or any other dog represented by its handler to be a service dog.

86. Thus, the City unlawfully denied Mr. McCarthy's right under the ADA and Rhode Island state law to be accompanied by his service animal and discriminated against Mr. McCarthy by knowingly or negligently misrepresenting the requirements of the ADA and Rhode Island disability laws, coercing Defendant T-Mobile's employee into filing a no trespass order against Mr. McCarthy, and threating to arrest Mr. McCarthy for enforcing his rights under the ADA and Rhode Island law.

## COUNT VI NEGLIGENT TRAINING AND SUPERVISION
### (ALL DEFENDANTS)

87. Plaintiff hereby incorporates by reference all foregoing paragraphs as if fully set forth herein.

88. Defendants owed Plaintiff McCarthy a duty of care to train their employees to understand the requirements of the ADA and Rhode Island disability laws and supervise their employees to ensure compliance with the ADA and Rhode Island disability laws.

89. Defendants breached their duty by failing to properly train their employees to understand the requirements of the ADA and Rhode Island disability laws and supervise their employees to ensure compliance with the ADA and Rhode Island disability laws.

90. Because Defendants' failed to provide adequate training and supervision, Defendants' employees did not know the requirements of the ADA and/or Rhode Island disability laws and were woefully unprepared to respond properly when Mr. McCarthy identified BayBay as his service dog and requested a reasonable accommodation.

91. As a direct and proximate result of Defendants' failure to properly train and supervise their employees, Mr. McCarthy and his service dog were ejected and trespassed from the store before the transaction could be completed, not only violating Mr. McCarthy's civil rights in the process,

Case Number: PC-2018-4718
Filed in Providence/Bristol County Superior Court
Submitted: 7/2/2018 10:03 AM
Envelope: 1610793
Reviewer: Lynn G.

Case 1:18-cv-00548-JJM-PAS   Document 1-1   Filed 10/03/18   Page 12 of 12 PageID #: 15

but also causing him to suffer economic damages by forcing him to purchase a new phone elsewhere as well as causing other damages stated herein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court find in favor of Plaintiff and enter judgement against Defendants on all Counts, and for all counts applicable:

A. Declare that Mr. McCarthy is disabled within the meaning of R.I. Gen. Laws § 42-87-(1) and 42 U.S.C. § 12102(1);
B. Declare that BayBay is a service animal within the meaning of R.I. Gen. Laws § 40-9.1-1.1 and 28 C.F.R. § 35.136(f);
C. Enjoin MetroPCS and Providence Police from enforcing the no trespass order issued against Mr. McCarthy;
D. Order that Defendants attend or implement mandatory disability discrimination training;
E. Order that Defendants make Mr. McCarthy whole by awarding Mr. McCarthy compensatory damages to remedy:
   a. Economic losses incurred by Mr. McCarthy;
   b. Mental anguish, emotional pain, and humiliation suffered by Mr. McCarthy;
   c. Violation of Mr. McCarthy's civil rights;
F. Order that Defendants pay punitive damages for all violations of R.I. Gen. Laws §§ 42-87-4 and 40-9.1-3(d);
G. Award Mr. McCarthy attorney's fees and costs for all violations of R.I. Gen. Laws §§ 42-87-4 and 40-9.1-3(d);
H. Where allowable by law, order that Defendants pay post-judgment and pre-judgment interest, at the statutory judgment rate, for all damages from the date the cause of action accrued;
I. Order, for all Counts, such other relief to Mr. McCarthy as this Court deems just and proper.

Filed: July 2, 2018

Respectfully Submitted,

Plaintiff Matthew McCarthy,
By his attorney,

 /s/ Paige Munro-Delotto 
Paige Munro-Delotto, Ph.D., Esq. #9291
Munro-Delotto Law, LLC
400 Westminster Street, Ste. 200
Providence, RI 02903
Tel: (401) 521-4529
Fax: (866) 593-9755
paige@pmdlawoffices.com